· [No. 12862.   In Bank. — December 13, 1890.]

JAMES MARTIN ET AL., RESPONDENTS, *v.* J. B. H.
COOPER ET AL., APPELLANTS.

BOUNDARY — CHANGE IN BANKS OF RIVER — SURVEY — COURSES AND DIS-
TANCES — WIDTH OF STREAM — FINDING AGAINST EVIDENCE. — Where
adjoining tracts of land were separated by a river, and the patent to each
tract was bounded by the bank of the river upon the side upon which
the tract was situated; and the court below found that the river had so
changed its channel that the location of the banks as they formerly ex-
isted could not be found or traced, if the evidence shows that the river
varied in width at different points, a finding in favor of the correctness
of a survey by courses and distances along the supposed original bank of
the river as called for by defendant's patent, and laying off upon a map
a line parallel thereto at a uniform distance therefrom as the boundary
of plaintiff's tract, is not sustained by the evidence, and such erroneous
finding is ground for reversal of a judgment in favor of plaintiff.

APPEAL from a judgment of the Superior Court of
Monterey County, and from an order refusing a new
trial.

The facts are stated in the opinion of the court.

*William Matthews*, for Appellants.

*Julius Lee*, for Respondents.

Fox, J. — This is an action to quiet title to a tract of
land which the plaintiffs allege lies within the rancho
Rincon de las Salinas, of which they are the owners, as
tenants in common, seised in fee. The defendants deny
that the plaintiffs are the owners of said tract of land,
and aver that the same is a part of the rancho Moro
Cojo, of which the defendants are the owners in fee.
The court found in favor of the plaintiffs upon all the
material issues, and decreed accordingly. Defendants
moved for a new trial, which was denied, and from that
order, and from the judgment, defendants appeal.

It was incumbent upon the plaintiffs to prove that the
lands in controversy are within the rancho Rincon de

las Salinas. Whether they are or not depends upon the location of the northeasterly line thereof, which, according to the patent issued to the plaintiffs' grantor, is along the left bank of the Salinas River. The rancho Moro Cojo, under which defendants claim, lies upon the opposite side, and is bounded by the right bank of the river. The patent of neither rancho calls for the other as a coterminous boundary, but each is described as being bounded, along the sides which are nearest each other, by the river, one by the left bank and the other by the right bank, and in each courses and distances are given as the meander line of the bank referred to. In each case, if the bank can be found, courses and distances must yield to the natural monument. The survey for the patent of the rancho Rincon de las Salinas was made in 1861; that for the patent of the rancho Cojo, some three years earlier.

The court finds that since these surveys the course of the river has been subjected to several sudden, violent, and considerable changes, caused by freshets cutting away its banks and changing its channel. There is evidence sufficient to support this finding. But the court also finds that the left bank of the river, as it existed in 1861, cannot now be found or traced, and it therefore assumes to adopt the courses and distances given in the patent as establishing the boundary line, upon the theory that this is the next best evidence that is attainable for the purpose. The theory is correct, if the facts warrant its adoption; but we do not think that the evidence supports the finding that the left bank of this river, as existed in 1861, cannot now be found or traced. While the testimony given on the part of plaintiffs shows that there has been a marked change in the course and banks of the river, and there is some evidence tending to show that at certain points the old banks have been washed away, it does not appear, even from this testimony, that there is not left sufficient evidence of the

location and general course of that old bank so that it may be traced with reasonable certainty and accuracy.

It does appear affirmatively that the surveys made on the part of the plaintiffs, for the purposes of this trial, were not made, or attempted to be made, on or along either bank, and that the surveyors were not instructed so to make them. Their instructions were, to survey and plat the courses and distances as given in the patent; and they were not instructed to find, or to attempt to find, the old bank of the river. And they did not even follow these instructions, but, instead, they surveyed and ran the courses and distances along the river bank as given in the patent of the rancho Moro Cojo, and platted the same, and then, for the purpose of establishing the line of the rancho Rincon de las Salinas, they laid it off upon the map by a line parallel to the line of the Moro Cojo, so surveyed, and a uniform distance of seven chains therefrom, — allowing that to be the width of the river running between the two ranchos; and this, even though the witnesses testified that the river, now and of old, varied in width at different points. We do not think that such testimony as this will support a finding, either that the left bank of the river cannot be found and traced, or that the survey adopted as and for that boundary is correct. The engineer who made this survey and map himself says that he would not have made it as he did if he had been instructed to find and survey the river bank.

On the other hand, another engineer, who seems to be equally competent and disinterested, testifies that he has examined the banks and course of that river, and that, in his opinion, the old bank can be found and traced. He has made a plat, showing the present bank, and points out divers places where the line of the old bank is distinctly traceable. His evidence is perhaps not sufficiently full, and his work not sufficiently complete, to furnish the basis of a finding for a final settlement of the

case; but, to our minds, it confirms a conclusion already reached, from the testimony given on the part of plaintiff, upon whom the burden rested, that the evidence is insufficient to support the findings, either that the survey of courses and distances adopted is accurate, or that circumstances existed which authorized the adoption of courses and distances in place of the natural monument.

The judgment and order must therefore be reversed, and it is so ordered.

THORNTON, J., and PATERSON, J., concurred.

McFARLAND, J., concurring. — I concur in the judgment; but I do not concur in the main reason given for it in the leading opinion. Upon this present record, I think that the court below was justified in finding that the bank of the Salinas River, as it existed in 1861, cannot now be found or traced; and that, in the absence of that monument, it was proper to adopt the courses and distances given in the patent as establishing the boundary line. The evidence was not only conflicting on the point, but the weight of it was, in my opinion, with the finding. I think, however, that the evidence (although I am not without doubt on the subject) was not sufficient to support the conclusion that the true line of the Salinas rancho, run by courses and distances, is where the judgment establishes it to be. That line was never actually run by the surveyors who testified to it; but it was calculated and assumed from other *data* which I do not think sufficient to support the conclusion. They seem to have fixed a new line, rather than to have found an old one.

The case is a difficult one; and I doubt if a judgment will ever be obtained more favorable to appellants than this one from which they appeal. It is evidently a proper case for a compromise; but neither the court nor the surveyors can make a compromise for the parties which they will not make for themselves.

BEATTY, C. J., dissenting. — I dissent. The evidence, in my opinion, fully sustains the conclusion that neither bank of the Salinas River, as it existed in the years 1858–61, could be traced on the ground at the time this controversy arose. The course of the river had very greatly changed. At some points it had cut off portions of the Moro Cojo ranch, at others it had cut off portions of the Rincon de las Salinas, and these changes had been suddenly wrought, during high floods or freshets. At the places where the current had left the old channel, the space between the banks had been filled with sediment and overgrown with willows. The existing banks of the river no longer constituted the true boundaries of the respective tracts, and the old banks were no longer to be found.

If the owners of the Moro Cojo, the appellants, extended their possession to the right bank of the river, they would take land of the respondents, owners of the Rincon de las Salinas, and *vice versa.* Such being the case, I know of no means of determining the rights of the parties, except to retrace the patent lines of the two ranches, by following courses and distances, according to the field-notes, between such natural or other monuments on the ground, and called for in the field-notes, as are still capable of identification. This is what the parties attempted to do. Each employed a competent surveyor to trace out and re-establish the lines. The surveyors went on the ground, and by actual survey from a known monument, established the original southeastern corner of the Rincon de las Salinas ranch. At the time of the patent survey, this corner was on the left bank of the Salinas River, but was found, at the time of the last survey, to be a considerable distance beyond the opposite or right bank. An attempt was then made to run out the northeastern boundary of the Rincon de las Salinas, by following the courses and distances called for in the field-notes of the patent, but for some reason the attempt

was abandoned as impracticable. The two surveyors then located, by survey from natural monuments, the northwest and southwest corners of the Moro Cojo ranch, and retraced the line between them, — that is to say, they meandered a line which started from the northwest corner and closed upon the southwest corner; but in running this line they were compelled to depart from the courses called for in the field-notes of the patent, by 1° 47'. It is contended that they failed to correctly trace the southwest boundary of the Moro Cojo, by reason of this departure from the course called for in the patent. But since it is conceded that the fixed and ascertained corners must govern, and as they could not be connected without departing from the courses given in the field-notes, this contention seems to fail. In my opinion, all the testimony goes to confirm the correctness of the survey of the southwest boundary of the Moro Cojo.

But it is said this does not afford any certain or reliable means of fixing the northeast boundary of the Rincon de las Salinas, because the two tracts of land being on opposite sides of the river, not coterminous, and neither being described by reference to the other, the location of the Moro Cojo does not fix the location of the Rincon de las Salinas.

The force of this objection must be conceded, but it is much diminished by the facts that the field-notes of the river boundaries of the two ranches are connected by a call for a common object, — a township line; that the river is shown to be seven chains in width; that it is not shown to have undergone any changes between the dates of the respective patent surveys; and that there is so close a correspondence between the calls of the meandered lines of the two tracts along the river, that their relative position as surveyed is perfectly demonstrated. There can be little doubt, therefore, that a line projected parallel to the river boundary of the Moro Cojo, and distant seven chains to the southwest, is with reasonable

exactness the original river boundary of the Rincon de las Salinas, and cannot include any land to which the defendants have shown title, or any appreciable quantity of land to which the plaintiffs have not shown title.

Besides, the southeastern corner of the Rincon de las Salinas was, as above stated, established on the ground by actual survey, and connected by actual survey with the southwestern boundary of the Moro Cojo as surveyed; and although no attempt was made to survey the northeastern boundary of the Rincon de las Salinas on the ground, the line of said boundary, as platted on the map of the line surveyed, shows very clearly that it would include a very considerable amount of land that the decree excludes, and would exclude a very trifling quantity that the decree includes, so that the error in the method resorted to for establishing respondents' line, conceding it to have been erroneous, is shown to have been without prejudice, inasmuch as it gives the appellants more land than a correct survey would give them.

It is for this reason, that the error in the method pursued was harmless to appellant, that I think the judgment and order should be affirmed.

SHARPSTEIN, J., concurred in the dissenting opinion of Chief Justice Beatty.